IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| KELLY MCNAMARA, | ) |
| Plaintiff | ) ) ) |
| v. | ) )  Case No. 1:25-cv-01757-SO |
| SUNFLOWER LTD. et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**JOINT STIPULATION AND ORDER SUBMITTING PLAINTIFF'S**

**CLAIMS TO ARBITRATION, STAYING CASE, AND PRESERVING DEFENSES**

Plaintiff Kelly McNamara and Defendants Sunflower Ltd. and Sunflower Technology, Inc. (together, "Sunflower"), by and through their undersigned counsel, stipulate and agree as follows:

WHEREAS, Plaintiff commenced this action on August 22, 2025;

WHEREAS, Sunflower's response to the Complaint is due January 21, 2026;

WHEREAS, Sunflower intended to file a motion to dismiss for lack of personal jurisdiction and an alternative motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA");

WHEREAS, the parties have conferred and agree that Plaintiff's claims should be submitted to arbitration in the first instance and that this action should be stayed pending the outcome of the arbitration pursuant to Supreme Court precedent. *Smith v. Spizzirri*, 601 U.S. 472, 474 (2024) (Section 3 of the FAA does not "permit[] a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration").

NOW, THEREFORE, the parties stipulate and agree, subject to this Court's approval, that:

1. Plaintiff's claims in this action shall be submitted to arbitration in the first instance and this action should be stayed pending the outcome of the arbitration.

1

2. By agreeing to submit her claims to arbitration in the first instance, Plaintiff does not waive, and expressly preserves, all arguments as to the formation, validity, and enforceability of the terms of service, the arbitration provision, and the delegation provision contained within the arbitration provision, as well as which version of Sunflower's terms of service apply, if any.

3. Sunflower does not waive, and expressly preserves, all defenses available to them under Federal Rule of Civil Procedure 12(b) and otherwise should the matter return to this Court after arbitration, including lack of personal jurisdiction and the right to seek, in the alternative, transfer of Plaintiff's claims pursuant to the forum selection clause in Sunflower's terms of service.

Dated:  January 19, 2026                                         Respectfully submitted,

*/s/ Dargan M. Ware* (with permission)                */s/ Matthew G. Vansuch*
Dargan M. Ware                                                         Matthew G. Vansuch (0079328)
DAVIS & NORRIS LLP                                              ROETZEL & ANDRESS LPA
The Bradshaw House                                                 6550 Seville Drive, Ste. B
2154 Highland Avenue                                               Canfield, OH 44406
Birmingham, AL 35205                                              (330) 533-6195
(205) 453-0104                                                              mvansuch@ralaw.com
dware@davisnorris.com

*Attorneys for Plaintiff*                                              *Attorneys for Defendants*

The parties shall provide a Status Report to the court every 60 days, to notify the court as to the status of the arbitration proceedings.

**IT IS SO ORDERED** this   21st   day of    January   , 2026.

 */S/ SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

2